Anthony J. Rao (SBN 173512)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail:     arao@duanemorris.com

Julie A. Vogelzang (SBN 174411)
Lisa K. Widdecke (SBN 213250)
**DUANE MORRIS LLP**
750 B Street, Suite 2900
San Diego, CA 92101
Telephone:  (619) 744-2218
Facsimile:  (619) 923-2487
E-mail:     javogelzang@duanemorris.com
            lkwiddecke@duanemorris.com

Attorneys for Defendant,
Air Express International USA, Inc.

Gregg A. Farley (SBN 115593)
**LAW OFFICES OF GREGG A. FARLEY**
11755 Wilshire Blvd., Suite 1300
Los Angeles, CA 90025
Telephone: (310) 445-4024
Facsimile: (310) 445-4109
Email:     gfarley@farleyfirm.com

Attorneys for Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
OCT 31 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALEJANDRO ORELLANA MARTINEZ, an individual, appearing on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>AIR EXPRESS INTERNATIONAL USA, INC., an Ohio Corporation; and DOES 1-25,<br><br>                    Defendants. | Case No.: CV12-2994 DSF (PJWx)<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER**<br><br>**[UNDER SEAL FILINGS GOVERNED BY L.R. 79-5]**<br><br>Room:  23<br>Judge:  Hon. Patrick J. Walsh |

1    Plaintiff JOSE ALEJANDRO ORELLANA MARTINEZ ("Plaintiff") and
2 Defendant AIR EXPRESS INTERNATIONAL USA, INC. ("Defendant" or "AEI"),
3 by and through their respective counsel of record named herein, state as follows:
4    WHEREAS, the parties hereto are engaged in litigation and desire to exchange
5 certain information and documents to assist the parties in mediation and the litigation;
6    WHEREAS, some of the information and documents contain or relate to
7 information of a private or confidential nature, the disclosure of which might result in
8 irreparable harm and/or invasion of privacy, including inter alia, private or personnel
9 documents of current or former employees of Defendant;
10    THEREFORE, pursuant to the Federal Rules of Civil Procedure, the purpose of
11 this Protective Order is to permit the parties and their respective counsel to obtain
12 certain information, documents and things from each other and to reasonably limit
13 disclosure of said confidential information that may be exchanged and produced now
14 and in the future during this litigation;
15    IT IS HEREBY STIPULATED by the parties herein, through their counsel of
16 record, as follows:
17    1.    This agreement and protective order covers the information of employees
18 and former employees contained in the payroll database, and all related data and
19 documents produced by any party (collectively, the "materials"). This includes all
20 data runs, spreadsheets and any other data compilations that are prepared based upon
21 the data contained in the payroll database.
22    2.    The provisions of this agreement and protective order shall apply to: (i)
23 the parties to this action, including, in the case of parties other than individuals, their
24 independent contractors, officers, directors, partners, in-house counsel and employees,
25 (ii) counsel of record in this action, as well as associates, paralegals, legal assistants,
26 secretarial and clerical employees, including outside copy services, who are assisting
27 counsel in this action, (iii) consultants retained or consulted in connection with this
28 action, (iv) experts retained or consulted in connection with this action, and (v) any

other person or entity who produces or provides information in this action and agrees to be bound by the terms of this agreement and protective order, such as the mediator of this action.

3. Any party or witness providing materials which that party or witness believes in good faith are unavailable to the public, not readily determinable from other sources, and are or have been treated as confidential by that party or witness may designate such materials as CONFIDENTIAL.

4. A providing party or witness may designate as CONFIDENTIAL, in whole or in part, any materials by stamping materials as "confidential" or by so advising all other parties of the confidential nature of the materials. Any party or non-party may obtain confidential treatment for materials previously provided by any party or non-party without such designation if the party seeking the designation does so within thirty (30) days of providing the materials, and sends written notice of such designation to all other parties or non-parties in possession of such materials.

5. Confidential materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this agreement and protective order. A non-providing party shall not, except by consent of the providing party or witness, use CONFIDENTIAL materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the litigation and/or settlement of this action (including private mediation).

6. A non-providing party shall not, without the consent of the providing party or witness, disclose CONFIDENTIAL materials to persons other than the following and, as to such persons, disclosure shall be limited to the extent reasonably necessary to litigate and/or for the settlement of this action:

   (a) Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in this action;

   (b) The named parties in this action and employees, officers, and

directors of named parties;

    (c)    Any consultant retained or consulted in connection with this action;

    (d)    Any expert retained or consulted in connection with this action;

    (e)    Any private mediator retained or consulted in connection with this action;

    (f)    The Court and any persons employed in the Court whose duties require access to CONFIDENTIAL materials.

7.    All persons to whom CONFIDENTIAL materials are disclosed pursuant to subparagraphs 6(a)-(e) shall be advised of the existence of this agreement and protective order. Prior to disclosure of CONFIDENTIAL materials to any person within the categories described in subparagraphs 6(c)-(e), such person shall agree in advance to be bound by this Protective Order by signing a declaration or statement so agreeing to be bound.

8.    Within sixty (60) days of the conclusion of this action, all CONFIDENTIAL materials, including any summaries and copies thereof, shall be returned to the providing party or witness to be destroyed, or shall be destroyed. Within that time, counsel for receiving parties shall provide to the party or witness providing CONFIDENTIAL materials a declaration stating that all such materials, including copies or summaries thereof, have been returned or destroyed.

9.    This agreement and protective order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this agreement and protective order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

10.    Neither the taking of any action in accordance with the provisions of this agreement and protective order, nor the failure to object hereto, shall be construed as a

1  waiver of any claim or defense in this action. This agreement and protective order
2  shall not be construed as a waiver of any right to object to the furnishing of
3  information in response to discovery and, except as expressly provided, shall not
4  relieve any party or witness of the obligation to produce information sought in the
5  course of discovery. The provision of materials subject to this agreement and
6  protective order shall not constitute an admission as to the discoverability or
7  admissibility at trial of any material.
8      11.   The materials provided (those described in paragraph 1) are produced for
9  the purposes of this litigation, potential class settlement and mediation only. Any
10 party hereto may file CONFIDENTIAL materials with the District Court, and any
11 appellate Court, in the above-captioned case, provided that such party takes
12 reasonable steps to remove and/or redact, to the extent it is feasible, any information
13 from the CONFIDENTIAL materials which might identify by name those employees
14 to which the materials apply.
15     12.   An application to file documents under seal must meet the requirements of
16 Local Rule 79-5 and make the showing of good cause required by Rule 26(c)(1) of the
17 Federal Rules of Civil Procedure. Documents that are not CONFIDENTIAL or
18 privileged in their entirety shall not be filed under seal if the CONFIDENTIAL
19 portions can be redacted and filed separately with a reasonable amount of effort. The
20 application to file documents under seal shall include an explanation of why redaction
21 is not feasible. If sealing is permitted by the Court, the parties shall file both a
22 complete version of the pleadings and documents under seal, and a redacted version
23 for public viewing, omitting only such portions as the Court has ordered may be filed
24 under seal. An application to file documents under seal must also justify sealing for
25 each individual item to be sealed or redacted. If a party wishes to file a document that
26 has been designated CONFIDENTIAL by another party, the submitting party must
27 give any designating party five calendar days notice of intent to file. If the
28 designating party objects, it shall notify the submitting party and file an application to

file documents under seal within two court days. If the Court grants an application to file documents under seal, the Court's mandatory paper chambers copies must include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

13.   Any violation of this agreement and protective order may result in a party requesting any available sanction by way of noticed motion, or ex-parte application if the requirements for an ex-parte application have been met.

14.   This agreement and protective order may be signed on separate signature pages. These separate signature pages will become part of the integrated agreement and protective order. Where convenient for the parties to do so, the signed signature pages may be facsimile transmissions.

Dated: October 26, 2012

_____/S/_____
Gregg A. Farley
Law Offices of Gregg A. Farley
11755 Wilshire Blvd., Ste. 1300
Los Angeles, CA 90025
Attorneys for Plaintiff

Dated: October 26, 2012

_____/S/_____
Anthony J. Rao
Julie A. Vogelzang
Lisa K. Widdecke
Duane Morris LLP
Attorneys for Defendant,
Air Express International USA, Inc.

## ORDER

GOOD CAUSE APPEARING THEREFOR,

The Court hereby grants and approves the parties' Confidentiality Agreement and Stipulated Protective Order.

IT IS SO ORDERED.

Dated: 10/31/12 , ~~2012~~

Hon. Patrick J. Walsh, U.S. Magistrate Judge